DANIEL P. SQUIRES *v.* LYMAN BURGESS.

*Practice.*

The question of allowing a plaintiff to enter a non-suit, or of vacating an entry of non-suit, rests solely in the discretion of the court in which the suit is pending; and a judgment of the county court refusing to strike off a non-suit which has been entered by the plaintiff in an action of account can not be revised by the supreme court on exceptions.

ACCOUNT. Judgment to account was rendered at the November

[*] NOTE. But see the opinion of ALDIS, J., in *Albany* v. *Derby*, 30 Vt. 720–1, where it is intimated that the return of the parent from a foreign country, will revive his settlement, and also communicate it to his *minor* children. REPORTER.

Term, 1855, and an auditor appointed. At the November Term, 1857, the plaintiff entered a non-suit, whereupon the defendant at the same term moved to strike off the non-suit, and the case was continued upon this motion until the March Term, 1858, when, on hearing, no facts being introduced in evidence *aliunde* the record, the court, BENNETT, J., presiding, — overruled the motion and refused to order the non-suit set aside, to which decision the defendant excepted.

*H. B. Smith*, for the defendant.

No counsel appeared for the plaintiff.

POLAND, J. There was no question of law decided by the county court in this case that can be reviewed here on exceptions.

The refusal of the county court to strike off or vacate the judgment of non-suit which the plaintiff had procured to be entered, was only an exercise of the discretion of the court.

It is no doubt true, as claimed by the defendant, that in an action of account or of book account, when there has been a judgment to account, the plaintiff is not entitled, as a matter of right, to enter a non-suit; but there is as little doubt that it is in the discretionary power of the court to allow him to do so, and that their exercise of the power, whether proper or improper, can never be assigned for error.

The exception taken here was not to an error in allowing the non-suit to be entered, but in refusing to strike it off. But it is said that the non-suit was entered without leave and without reason. The amendment to the exceptions states, that on the hearing of the motion to strike off the non-suit, there was no evidence before the court except the record. The record of a judgment of non-suit necessarily implies that it was entered by leave of court, and the amount of the exceptions is, that the defendant moved to set aside or vacate a judgment of non-suit, and showed no reason for it. But if the record showed that it was entered without leave, and the court on application refused to strike it off, then at least it stood there by leave of court. It has been held in this State to be within the discretion of the court to allow a non-suit

to be entered even after verdict. The whole matter of allowing a suit to be stopped, without any judgment except that the plaintiff goes out of court with his claim, and of vacating such entries, rests in the discretion of the court in which the suit is pending.

The exceptions are therefore dismissed.